OPINION OF THE COURT
Carl J. Mugglin, J.
Plaintiff was injured when struck by a golf ball during a *459 round of golf at a course operated by the defendant, Kass Inn. In this motion the Kass Inn seeks summary judgment dismissing the complaint.
According to the amended complaint, on June 18, 1988 the defendant, Pat Lappin, rented a set of golf clubs either from Kass Inn or the defendant Roland Stafford Golf School. While attempting to play through a group, including the plaintiff, Lappin’s tee shot was so errantly hit that it travelled at approximately 90 degrees to its intended line of flight striking plaintiff who was standing about 30 feet away. It is claimed that the rental clubs, and in particular, the 3-wood, the club Lappin employed to strike the errant shot, were defective and dangerous. The amended complaint alleges that the 3-wood was so defective that at or about the time of impact with the golf ball, the club head separated from the shaft, thereby accounting for the misdirection of the golf ball.
The defendant’s motion for summary judgment is founded upon its contention that there is no proof which would suggest that the errant shot was the product of a defective club or that the clubs were in fact rented from the defendant. The plaintiff’s opposition consists of the plaintiff’s attorney’s affidavit (claiming that the evidence shows that Lappin rented the clubs from the defendant and a conclusory assertion that a jury would find that the head of the wood broke off producing the errant shot) and an affidavit from a person who claims that Lappin admitted to him that he rented the clubs from defendant and that the 3-wood broke at the time he struck the shot that hit the plaintiff.
Generally stated, there is no tort liability for a poorly hit tee shot unless it can be affirmatively shown that the player failed to exercise due care. (Rinaldo v McGovern, 78 NY2d 729 [1991].) Furthermore, a golfer preparing to hit a tee shot has no duty to warn others not in the intended line of flight or within the foreseeable zone of danger. (See, Jenks v McGranaghan, 30 NY2d 475 [1972].) The risk of mis-hit golf balls and misdirected shots is inherent in the game of golf. (Rinaldo v McGovern, supra.) Although shanking a shot at a 90-degree angle is very unusual, it does happen on rare occasions but is nevertheless a shot clearly unintended. (See, Walsh v Machlin, 128 Conn 412, 23 A2d 156 [1941].) Since there is no evidence to suggest that Lappin had a duty to warn plaintiff or that Lappin failed to exercise due care in aiming his golf ball so as to create an unreasonable risk of harm to plaintiff, it is difficult to conceive of any theory under which Lappin would *460 be responsible for the injuries suffered by plaintiff. Clearly, a golf ball becomes a dangerous instrumentality when struck with a golf club but the amended complaint seeks to impose liability on Lappin by claiming a breach of a duty to inspect the 3-wood prior to its use and that such an inspection would have clearly shown a defect rendering the club unusable. Interestingly, although Lappin has defaulted, plaintiff has not sought to enter a judgment against him.
On a motion for summary judgment the movant must demonstrate entitlement to judgment as a matter of law by the submission of competent admissible evidence. (Zuckerman v City of New York, 49 NY2d 557 [1980].) Once this burden has been met, it becomes the obligation of the opponent to lay bare his evidence in admissible form sufficient to raise a triable issue of fact. (Shaw v Time-Life Records, 38 NY2d 201 [1975].) This proof should come from a person having actual and personal knowledge of the facts. (GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965 [1985].) An affidavit from an attorney who has no personal knowledge of the facts lacks any probative value in opposition to a motion for summary judgment. (Zuckerman v City of New York, supra.) The court should not rely on speculative issues to allow the matter to go to trial in the hope that the trial may disclose some evidence which has not been produced on the motion. (Andre v Pomeroy, 35 NY2d 361 [1974].)
The assertion of the plaintiffs lawyer that a jury would find that the head of the 3-wood broke resulting in the errant shot lacks any probative force in opposition to the motion of defendant. Likewise, the claimed admissions of Lappin do not come within the scope of the hearsay exception generally known as "admissions against interest”. To overcome the hearsay objection and render the "admission” admissible, it must be shown that (1) the declarant is unavailable, (2) the declaration when made was against the pecuniary, proprietary or penal interest of the declarant, (3) the declarant had competent knowledge of the facts, and (4) there is no probable motive to misrepresent the facts. (See, Richardson, Evidence § 257 et seq. [Prince 10th ed].)
While there are no cases in this jurisdiction which expressly accept statements exposing the declarant to civil liability as being within the rule, potential civil liability involves the declarant’s pecuniary interest. (See, Kittredge v Grannis, 244 NY 168 [1926]; Schenck v Warner, 37 Barb 258 [Sup Ct, *461 Ontario County 1862].) However, the statements claimed by plaintiff to be made by Lappin do not subject the declarant (Lappin) to civil liability or otherwise affect his pecuniary interest.
As noted above, plaintiff has not put forward any viable theory of liability regarding Lappin and, in fact, the statements are offered to impose liability on Kass Inn. Furthermore, there has been no effort to show the existence of the other elements necessary to sustain the position that the statements are admissible evidence. Under these circumstances, the claimed admissions are not admissible competent evidence creating an issue of fact requiring denial of the motion for summary judgment.
Other than the claimed admissions of Lappin the plaintiff has presented no evidence that the 3-wood was defective when rented or when used to strike the errant shot. Neither the plaintiff nor her husband in their examinations before trial make mention of the clubhead separating from the shaft as now claimed. In fact, the plaintiff testified in part: "he said I want to go ahead so I said do that, my husband has teed off already so he went to tee off and I stood there since I can remember playing golf and he hit off and that is when I was hit, it just wasn’t normal, something was wrong for a golfer to hit directly, instead of you to the side like that a right angle.” Furthermore, Sam Rabinowitz testified:
"Q. Did you watch Mr. Lappin swing and hit the ball?
"A. I did.
"Q. Tell us what you saw.
"A. I saw the ball coming and that’s it, I jumped, I don’t know what happened after that. It was coming at pretty good speed.”
The defendant’s employee, Bernard Boxer, testified that he found no broken clubs among those that are commonly available for rental. No affidavit from the other member of the Rabinowitz group, identified as Helen, has been presented.
In summary, defendant’s submissions are adequate to shift the burden to plaintiff to come forward and lay bare her proof. Plaintiff has not successfully met this obligation as a result of which the motion for summary judgment dismissing the complaint is granted.