◼ MICHAEL DEFONCE et al., Respondents, v K.S.B. ARROWWOOD REALTY CORP. et al., Defendants, and JOHN FUERST, Appellant. [615 NYS2d 87] —In an action to recover damages for personal injuries, etc., the defendant John Fuerst appeals from an order of the Supreme Court, Westchester County (Burrows, J.), dated December 22, 1992, which denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as it is asserted against the defendant John Fuerst.

The plaintiff Michael Defonce, an employee of a golf course owned by the defendant K.S.B. Arrowwood Realty Corp. and operated by the defendant Doral Conference Center Associates, was allegedly injured when a golf ball hit by the defendant John Fuerst "sliced" away from the fairway. We agree with the defendant John Fuerst's contention that the Supreme Court erred in denying his motion for summary judgment.

"In general, a golfer preparing to drive a ball has no duty to warn persons 'not in the intended line of flight on another tee or fairway' " (Rinaldo v McGovern, 78 NY2d 729, 731, quoting from Jenks v McGranaghan, 30 NY2d 475, 479). Here, Michael

Defonce was concededly not in the intended line of flight of the ball. Accordingly, there was no duty to warn him. Moreover, there is no duty to warn where "the relationship between the failure to warn and [the] plaintiff's injuries is tenuous" *(Nussbaum v Lacopo,* 27 NY2d 311, 318). Defonce admitted that he was watching the defendant Fuerst when the latter was swinging, and, therefore, Fuerst's shouting "fore" could have made no difference *(see, Nussbaum v Lacopo, supra,* at 311; *Turel v Milberg,* 10 Misc 2d 141, 142).

Finally, liability cannot be imposed on the defendant Fuerst merely because the ball "sliced" *(see, Rinaldo v McGovern, supra,* at 729). Thompson, J. P., Balletta, Krausman and Florio, JJ., concur.