■ JOSEPH VECCIA et al., Respondents, v CLEARMEADOW PISTOL CLUB, LTD., Appellants. [752 NYS2d 84] —In an action to recover damages for personal injuries, etc., the defendants appeal from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated March 21, 2002, as denied the motion of the defendants Clearmeadow Pistol Club, Ltd. and Clearmeadow Rifle and Pistol Club, Inc., and the separate motion of the defendant Panrad Automotive Industries, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motions are granted, and the complaint is dismissed in its entirety.

In opposition to the appellants' prima facie showing of their entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact that the injuries sustained by the plaintiff Joseph Veccia were caused by a structural defect in the stair on which he may have slipped (*see Speirs v Dick's Clothing & Sporting Goods,* 268 AD2d 581). The affidavit of the plaintiffs' expert did not sufficiently identify any specific industry standard upon which he relied in regard to the stairs, nor did he supply any specific statutory or building code violations (*see Cicero v Selden Assoc.,* 295 AD2d 391, 392; *Speirs v Dick's Clothing & Sporting Goods, supra*). Thus, the expert's affidavit was insufficient to defeat the appellants' respective motions for summary judgment (*see Romano v Stanley,* 90 NY2d 444; *Murphy v Conner,* 84 NY2d 969). S. Miller, J.P., Krausman, Luciano and Cozier, JJ., concur.