CHERYL HEIDEN, Plaintiff-Appellant, v. JOE CUMMINGS, Defendant-Appellee.

Second District   No. 2—01—1447

Opinion filed March 13, 2003.

W. Randal Baudin, of Baudin & Baudin, of Dundee, for appellant.

Mary Beth O'Brien and David R. Ganfield, both of Ryan, Ryan & Landa, of Waukegan, for appellee.

JUSTICE GROMETER delivered the opinion of the court:

Plaintiff, Cheryl Heiden, brought this negligence lawsuit in the circuit court of Lake County seeking recovery for personal injuries she allegedly suffered when struck by a golf ball hit by defendant, Joe Cummings. The trial court entered partial summary judgment for defendant on certain allegations of negligence, and the cause proceeded to a jury trial on the remaining negligence allegations. The jury returned a verdict for defendant, and the trial court entered judgment on the verdict. On appeal, plaintiff challenges the partial summary judgment. We affirm.

The pleadings establish that on May 5, 1999, plaintiff was playing golf at a country club in McHenry. As she was playing near the seventeenth green, defendant was preparing to tee off at the eighteenth tee. Defendant's shot veered off sharply to the left and struck plaintiff's ankle. Plaintiff alleged that defendant's negligence consisted of one or more of the following acts or omissions:

"(a) [Defendant] [d]id not properly swing his club at the ball so as to hit his ball in the direction of the eighteenth hole where he was aiming;

(b) [Defendant] [f]ailed to maintain a proper lookout;

(c) [Defendant] [f]ailed to give warning of his misguided shot to the Plaintiff, by orally shouting 'Fore' or by other means;

(d) [Defendant] [w]as otherwise careless and negligent in shooting his golf shot as aforesaid directly at the Plaintiff ***."

At her deposition, plaintiff described her position relative to defendant with reference to a clock face: defendant was located at 6 o'clock, plaintiff was at 8 o'clock, and the eighteenth hole was at 12 o'clock or 1 o'clock. She further testified that she was about 25 feet from defendant when his ball struck her. In contrast, defendant testified at his deposition that if he was located at 6 o'clock, the pin on the eighteenth green was at about 12 o'clock, and the seventeenth green was at 7 o'clock. He estimated that he was about 30 yards from plaintiff, but acknowledged that he might have been closer.

Defendant further testified that he was aiming for the eighteenth green, but as soon as he hit the ball, he knew it was a bad shot. He glimpsed the ball veer to the left and strike plaintiff. He testified that he could not tell whether he had closed his club face or hit the ball with the heel of the club. He also testified:

"I don't remember every single detail of the shot, and, you know, where my feet were. Did one of my feet slip? Did my hand twist?"

Defendant moved for summary judgment. The trial court granted the motion with respect to the allegations that defendant did not properly swing his club and was otherwise careless and negligent in making the shot. The matter proceeded to a jury trial at which the only negligence allegation at issue was defendant's failure to warn plaintiff of the stray shot. The jury returned a verdict for defendant, and this appeal followed.

At the outset, we briefly note that defendant has objected to, and asked us to strike, several portions of plaintiff's brief. Suffice it to say, we have examined plaintiff's brief in light of defendant's objections and find no meaningful violation of the rules governing the preparation of appellate briefs. We therefore decline defendant's request to strike portions of plaintiff's brief.

█ Turning to the merits, plaintiff contends that the trial court erred in entering a partial summary judgment. Summary judgment is appropriate where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2—1005(c) (West 2000). On a motion for summary judgment, the court may make a summary determination of fewer than all of the major issues in the case and set the case for trial on the remaining issues. 735 ILCS 5/2—1005(d) (West 2000). "Even though a plaintiff is not required to prove her case at the summary judgment stage, she must present a factual basis that would arguably entitle her to a judgment in her favor." *Churkey v.*

*Rustia*, 329 Ill. App. 3d 239, 245 (2002). "A plaintiff may not resist a motion for summary judgment, on an issue on which he has the burden of proof, by arguing that it is up to movant to negate his case." *Benner v. Bell*, 236 Ill. App. 3d 761, 769 (1992).

█ Applying these principles, we conclude that the trial court properly entered partial summary judgment for defendant with respect to the allegations that he negligently executed his tee shot. It has generally been recognized "the mere fact that a person is struck by a golf ball driven by one playing a game of golf does not constitute proof of negligence on the part of the golfer who hit the ball." D. Holliday, Annotation, *Liability to One Struck by a Golf Ball*, 53 A.L.R.4th 282, 289 (1987). Moreover, we agree with the reasoning in *Rinaldo v. McGovern*, 78 N.Y.2d 729, 587 N.E.2d 264, 579 N.Y.S.2d 626 (1991), where the New York Court of Appeals observed as follows:

"Although the object of the game of golf is to drive the ball as cleanly and directly as possible toward its ultimate intended goal (the hole), the possibility that the ball will fly off in another direction is a risk inherent in the game. *** The essence of tort liability is the failure to take reasonable steps, where possible, to minimize the chance of harm. Thus, to establish liability in tort, there must be *both* the existence of a recognizable risk *and* some basis for concluding that the harm flowing from the consummation of that risk was reasonably preventable.

Since ' "even the best professional golfers cannot avoid an occasional 'hook' or 'slice' " ' [citation], it cannot be said that the risk of a mishit golf ball is a fully preventable occurrence. To the contrary, even with the utmost concentration and 'tedious preparation' that often accompanies a golfer's shot [citation], there is no guarantee that the ball will be lofted onto the correct path. For that reason, we have held that the mere fact that a golf ball did not travel in the intended direction does not establish a viable negligence claim [citation]. To provide an actionable theory of liability, a person injured by a mishit golf ball must affirmatively show that the golfer failed to exercise due care by adducing proof, for example, that the golfer 'aimed *so inaccurately as to unreasonably increase the risk of harm*' [citation]." (Emphasis in original.) *Rinaldo*, 78 N.Y.2d at 733, 587 N.E.2d at 267, 579 N.Y.S.2d at 629; see also *Benjamin v. Nernberg*, 102 Pa. Super. 471, 476, 157 A. 10, 11 (1931) ("It is common knowledge, at least among players, that many bad shots must result although every stroke is delivered with the best possible intention and without any negligence whatever").

In this case, there is no evidence of anything more than a bad shot. Contrary to plaintiff's argument, defendant never admitted that any particular factors contributed to his tee shot veering from its intended

path. Defendant identified a few common errors with golf swings but had no knowledge whether he made any of those errors.

■ Plaintiff cites *Zurla v. Hydel*, 289 Ill. App. 3d 215 (1997), which held that because golf is not a contact sport, a participant who suffers an injury may recover based on simple negligence and need not allege and prove willful and wanton conduct. *Zurla* also adopted a "zone of danger" analysis requiring a golfer to exercise ordinary care for the safety of persons reasonably within the range of danger of being struck by the ball. *Zurla*, 289 Ill. App. 3d at 222, citing D. Holliday, Annotation, *Liability to One Struck by a Golf Ball*, 53 A.L.R.4th 282, 289 (1987). Plaintiff contends that there are issues of fact about the distance between plaintiff and defendant and the angle between plaintiff and the intended path of defendant's shot. According to plaintiff, these issues are germane to whether plaintiff was within the zone of danger. However, plaintiff's presence in the zone of danger is not enough to establish liability because, as discussed, plaintiff has not shown that there is any basis to find that defendant failed to exercise due care in making his tee shot. *Zurla* does not impose absolute liability on a golfer whose ball hits another golfer within the zone of danger. Since the absence of a genuine issue as to negligence in this case precludes recovery, it is immaterial whether plaintiff was in the zone of danger. See *Westbank v. Maurer*, 276 Ill. App. 3d 553, 562 (1995) ("facts which would not affect the outcome of a party's case, regardless of how sharply those facts are controverted, will not warrant the denial of a motion for summary judgment").

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

BYRNE and KAPALA, JJ., concur.