■ JOHN MILLIGAN et al., Appellants, v GRAEME SHARMAN et al., Respondents. [859 NYS2d 827]—

Appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered July 18, 2007 in a personal injury action. The order granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by John Milligan (plaintiff) while he was playing golf on a course owned and operated by defendants. Plaintiff was on the eighth hole when he was struck by a golf ball hit by another player from the ninth tee. Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint. It is well established that "golfers are deemed to assume the risks of open topographical features of a golf course" (*Brust v Town of Caroga*, 287 AD2d 923, 925 [2001]), and defendants submitted evidence establishing that the proximity of the ninth tee to the eighth green and hole was open and obvious. "Although the object of the game of golf is to drive the ball as cleanly and directly as possible toward its ultimate intended goal (the hole), the possibility that the ball will fly off in another direction is a risk inherent in the game" (*Rinaldo v McGovern*, 78 NY2d 729, 733 [1991]), and we conclude that defendants met their burden of establishing as a matter of law that "the injured plaintiff willingly assumed the risks consistent with participating in the sport of golf" (*Lundin v Town of Islip*, 207 AD2d 778, 779 [1994]). We further conclude that plaintiffs failed to raise a triable issue of fact in opposition to the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The record does not establish precisely where plaintiff was located at the time of the accident, and thus the affidavit of plaintiffs' expert stating that the layout of the eighth green and the ninth tee was "unacceptably dangerous" and that plaintiff was located within an alleged "area of conflict" is based on mere speculation (*see generally Bax v Allstate Health Care, Inc.*, 26 AD3d 861, 863-864 [2006]). Plaintiffs' expert also failed to "identify any specific industry standard upon which he relied in concluding that the defendant[s] negligently designed the [golf] course" (*Lombardo v Cedar Brook Golf & Tennis Club, Inc.*, 39 AD3d 818, 819 [2007]). Present—Hurlbutt, J.P., Lunn, Fahey, Peradotto and Pine, JJ.