■ EDWARD BOHAN et al., Appellants, v F.R.P. SHEET METAL CONTRACTING CORPORATION et al., Respondents, et al., Defendant. [872 NYS2d 168]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated May 30, 2007, as granted that branch of the motion of the defendant RC Dolner, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it and granted those branches of the separate cross motions of the defendants F.R.P. Sheet Metal Contracting Corporation, J.T. Falk & Company, LLC, and Five Star Electric Corp., which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The defendants F.R.P. Sheet Metal Contracting Corporation, RC Dolner, Inc., J.T. Falk & Company, LLC, and Five Star Electric Corp. (hereinafter the defendants) established, prima facie, their entitlement to judgment as a matter of law. In opposition, the plaintiffs failed to raise a triable issue of fact (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The Supreme Court correctly concluded that the expert affidavit submitted by the plaintiffs failed to raise a triable issue of fact. In his affidavit, the expert did not sufficiently "identify any specific industry standard upon which he relied," nor did he supply any specific statutory or code violations (*Milligan v Sharman*, 52 AD3d 1238, 1239 [2008]; see *Lombardo v Cedar Brook Golf & Tennis Club, Inc.*, 39 AD3d 818, 819 [2007]; *Fitzgerald v Sears, Roebuck & Co.*, 17 AD3d 522, 523 [2005]; *Veccia v Clearmeadow Pistol Club*, 300 AD2d 472 [2002]; *Cicero v Selden Assoc.*, 295 AD2d 391, 392 [2002]). Thus, the expert's affidavit was insufficient to defeat the defendants' entitlement to summary judgment (see *Romano v Stanley*, 90 NY2d 444, 451 [1997]; *Murphy v Conner*, 84 NY2d 969, 972 [1994]; *Veccia v Clearmeadow Pistol Club*, 300 AD2d at 472).

In light of the foregoing, we need not reach the plaintiffs' remaining contention. Florio, J.P., Covello, Balkin and Leventhal, JJ., concur. [*See* 2007 NY Slip Op 31556(U).]