◼ Joseph Connor Delaney, Appellant, v MGI Land Development, LLC, Individually and Doing Business as Olde Kinderhook Golf Club, et al., Respondents. [898 NYS2d 695]——

McCarthy, J. Appeal from an order of the Supreme Court (Egan, Jr., J.), entered March 20, 2009 in Albany County, which granted defendants' motions for summary judgment dismissing the complaint.

Plaintiff participated in a golf tournament held at a course owned and operated by defendants MGI Land Development, LLC and Olde Kinderhook Golf Club (hereinafter collectively referred to as MGI). Defendant Kirk Helm was assigned to play in plaintiff's group. Because Helm arrived late, he took a separate golf cart to the group's starting point at the 16th hole. Someone asked Helm and plaintiff to consolidate carts by leaving one cart at the pro shop after the 18th hole. Helm forgot his golf shoes, so MGI's golf pro agreed to bring golf shoes to him on the course. After the group completed the 18th hole, MGI's employee brought shoes to Helm at his cart on the cart path near the green of the 18th hole. While Helm and the employee were involved with the shoe sale transaction, plaintiff was struck on the head by an errant golf ball.

After plaintiff commenced this negligence action, defendants moved for summary judgment dismissing the complaint. Supreme Court, finding that plaintiff assumed the risk of being struck by a golf ball, granted defendants' motions. Plaintiff appeals.

Supreme Court correctly granted defendants' motions for summary judgment because plaintiff assumed the risk of being struck by a golf ball. "[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *see Bockelmann v New Paltz Golf Course*, 284 AD2d 783, 784 [2001], *lv denied* 97 NY2d 602 [2001]). An injured plaintiff may show that the risk was not assumed, and thereby avoid dismissal, if "the conditions caused by the defendants' negligence are 'unique and created a dangerous condition over and above the usual dangers

that are inherent in the sport' " (*Morgan v State of New York*, 90 NY2d at 485, quoting *Owen v R.J.S. Safety Equip.*, 79 NY2d 967, 970 [1992]).

Here, plaintiff contends that the danger was increased because his golf cart was blocked in, preventing him from moving to a safer location. The record fails to factually support his argument, with all information indicating that he could have moved his cart. He could have driven to the pro shop where one cart would be left and waited for Helm there; no one directed him to remain by the green. Plaintiff also contends that the shoe sale transaction adjacent to the green was an unusual occurrence that raised the level of danger. While not an ordinary happening on a golf course, this situation did not raise the risk of being hit by a golf ball. Plaintiff was subject to being struck by a mishit golf ball during the tournament regardless of the reason why he was standing by the cart path near the green. Receiving such an injury is an inherent risk of participating in the game of golf (*see Rinaldo v McGovern*, 78 NY2d 729, 733 [1991]; *Milligan v Sharman*, 52 AD3d 1238, 1239 [2008]). As plaintiff, who was an experienced golfer and was admittedly aware of the possibility of being struck by an errant ball, assumed this risk by entering the tournament (*see Morgan v State of New York*, 90 NY2d at 486), Supreme Court properly granted defendants' motions on that basis.

Cardona, P.J., Peters and Kavanagh, JJ., concur. Ordered that the order is affirmed, with one bill of costs.