■ Lois J. Thornberg, Appellant, v Town of Islip, Respondent, et al., Defendants. [5 NYS3d 903]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated April 4, 2013, as granted that branch of the motion of the defendant Town of Islip which was for summary judgment dismissing the amended complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted that branch of the motion of the defendant Town of Islip which was for summary judgment dismissing the amended complaint insofar as asserted against it. The Town established its prima facie entitlement to judgment as a matter of law pursuant to the doctrine of primary assumption of the risk. The Town demonstrated that being struck in the head without warning by an errantly hit golf ball is a risk inherent in playing golf (*see Anand v Kapoor*, 15 NY3d 946, 948 [2010]; *Rinaldo v McGovern*, 78 NY2d 729, 733 [1991]; *Delaney v MGI Land Dev., LLC*, 72 AD3d 1254 [2010]; *see generally Lundin v Town of Islip*, 207 AD2d 778, 779 [1994]), and that it had not concealed or unreasonably enhanced the condition that allegedly led to the subject accident (*see Custodi v Town of Amherst*, 20 NY3d 83, 88 [2012]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see Lombardo v Cedar Brook Golf & Tennis Club, Inc.*, 39 AD3d 818 [2007]; *see also Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The plaintiff's expert, who opined that the golf course was negligently designed and maintained, failed to identify any specific industry standard upon which he relied in concluding that the Town was negligent (*see Bohan v F.R.P. Sheet Metal Contr. Corp.*, 58 AD3d 781 [2009]; *Milligan v Sharman*, 52 AD3d 1238, 1239 [2008]). Mastro, J.P., Leventhal, Maltese and Duffy, JJ., concur.