■ MICHELLE BRANDA, Plaintiff, v MV Public Transportation, Inc., et al., Respondents-Appellants, and Personal-Touch Home Care of N.Y., Inc., Appellant-Respondent/Third-Party Defendant-Appellant-Respondent, et al., Defendants. MV Public Transportation, Inc., et al., Third-Party Plaintiffs-Respondents-Appellants. [30 NYS3d 634]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered June 5, 2015, which denied defendants/third-party plaintiffs MV Public Transportation, Inc. and New York City Transit Authority and third-party plaintiff Domingo Matos's motion for summary judgment dismissing the complaint as against them, and, upon defendant Personal Touch Home Care, Inc.'s motion for reargument, adhered to the determination on the original motion denying Personal Touch's motion for summary judgment dismissing all claims against it, unanimously modified, on the law, to grant Personal Touch's motion, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly. Appeal from order, same court and Justice, entered January 30, 2015, unanimously dismissed, without costs, as superseded by the appeal from the June 5, 2015 order.

Plaintiff, who was seated in a wheelchair, alleged that she was injured while traveling in a Transit Authority Access-A-Ride van leased to defendant MV and operated by Matos. Before the van departed, Matos brought plaintiff into the van, attached her wheelchair to the van, and secured plaintiff and her wheelchair in place using the van's harness and straps. Plaintiff was accompanied by her home health aide, who was provided to her by defendant Personal Touch.

Plaintiff, her aide, and another passenger testified that, during the journey, the van struck a bump with enough force to cause plaintiff's home health aide to rise "a little" out of her chair and the other passenger to come off her seat, although her motorized scooter was secured. The force caused plaintiff's wheelchair to rise, allegedly injuring her back.

Personal Touch established prima facie, through the deposition testimony of the parties, that it did not cause or contribute to plaintiff's injuries (see Olan v Farrell Lines, 64 NY2d 1092 [1985]). Plaintiff, who was physically disabled, but had no mental or cognitive deficits, repeatedly declined to use the seatbelt attached to her wheelchair in addition to the seatbelt and shoulder harness provided by the Access-A-Ride service, even after her home health aide asked her several times. The aide had no duty to restrain plaintiff against her will (see generally Matter of Fosmire v Nicoleau, 75 NY2d 218, 226 [1990]). In any event, the fact that the wheelchair seatbelt was not fastened did not cause or contribute to plaintiff's injuries.

In opposition, MV failed to raise an issue of fact. Matos's testimony established that he alone was responsible for securing plaintiff's wheelchair in the van once he had taken hold of it to place it in the van.

Summary judgment in MV's favor was correctly denied since the testimony describing the force of the bump raises issues of fact as to whether the movement of the van was "unusual and violent," rather than belonging to the class of "jerks and jolts commonly experienced in city bus travel" (see Urquhart v New York City Tr. Auth., 85 NY2d 828, 830 [1995]). Concur—Friedman, J.P., Renwick, Moskowitz, Richter and Kapnick, JJ.