Krych v Bredenberg (2019 NY Slip Op 03479)





Krych v Bredenberg


2019 NY Slip Op 03479


Decided on May 3, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND WINSLOW, JJ.


66 CA 18-01611

[*1]WALTER KRYCH AND PENELOPE KRYCH, PLAINTIFFS-RESPONDENTS,
v
ROBERT BREDENBERG, DEFENDANT-APPELLANT, ET AL., DEFENDANTS. 






BOUVIER LAW LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR DEFENDANT-APPELLANT.
LAW OFFICES OF RICHARD S. BINKO, CHEEKTOWAGA (RICHARD S. BINKO OF COUNSEL), CHEEKTOWAGA, FOR PLAINTIFFS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), entered January 23, 2018. The order denied in part the motion of defendant Robert Bredenberg for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking to recover damages for injuries sustained by Walter Krych (plaintiff) when, while playing a round of golf, he was struck by a golf ball hit by Robert Bredenberg (defendant). Defendant appeals from an order that denied in part his motion for summary judgment seeking dismissal of the complaint against him. We affirm.
It is well established that "[a] person who chooses to participate in a sport or recreational activity consents to certain risks that are inherent in and arise out of the nature of the sport generally and flow from such participation' " (Anand v Kapoor, 15 NY3d 946, 947-948 [2010], quoting Morgan v State of New York, 90 NY2d 471, 484 [1997]). "A court evaluating the duty of care owed to a plaintiff by a coparticipant in sport must therefore consider the risks that the plaintiff assumed and how those assumed risks qualified defendant['s] duty to him [or her]' " (id. at 948). "However, a plaintiff will not be deemed to have assumed the risks of reckless or intentional conduct or concealed or unreasonably increased risks' " (id.). "[I]nasmuch as the assumption of risk to be implied from participation in a sport with awareness of the risk is generally a question of fact for a jury . . . , dismissal of a complaint as a matter of law is warranted [only] when on the evidentiary materials before the court no fact issue remains for decision by the trier of fact' " (Sopkovich v Smith, 164 AD3d 1598, 1600 [4th Dept 2018], quoting Maddox v City of New York, 66 NY2d 270, 279 [1985]).
As the Court of Appeals has stated, "[a]lthough the object of the game of golf is to drive the ball as cleanly and directly as possible toward its ultimate intended goal (the hole), the possibility that the ball will fly off in another direction is a risk inherent in the game" (Rinaldo v McGovern, 78 NY2d 729, 733 [1991]; see Anand, 15 NY3d at 948). Thus, while a golfer owes a duty to use due care in striking a golf ball (see Nussbaum v Lacopo, 27 NY2d 311, 318 [1970]; see also Johnston v Blanchard, 301 NY 599, 600 [1950]; 1A NY PJI3d 2:55 at 404-405 [2019]), "the mere fact that a golf ball did not travel in the intended direction does not establish a viable negligence claim" (Rinaldo, 78 NY2d at 733; see Jenks v McGranaghan, 30 NY2d 475, 479 [1972]). "To provide an actionable theory of liability, a person injured by a mishit golf ball must affirmatively show that the golfer failed to exercise due care by adducing proof, for example, that the golfer aimed so inaccurately as to unreasonably increase the risk of harm' " (Rinaldo, 78 [*2]NY2d at 733; see Nussbaum, 27 NY2d at 319).
Here, contrary to defendant's contention, Supreme Court properly denied his motion with respect to the first two allegations of negligence against him. Indeed, we conclude that defendant's own submissions raise a question of fact whether he failed to exercise due care by hitting his golf ball from the tee so prematurely as to unreasonably increase the risk of striking plaintiff while plaintiff was in the fairway on the same hole (see generally Rinaldo, 78 NY2d at 733-734). As plaintiffs correctly contend, this case does not involve a shanked, sliced, hooked, or mishit shot (cf. Anand, 15 NY3d at 947; Rinaldo, 78 NY2d at 731, 733-734; Delaney v MGI Land Dev., LLC, 72 AD3d 1254, 1255 [3d Dept 2010]; Milligan v Sharman, 52 AD3d 1238, 1239 [4th Dept 2008]). Rather, despite his deposition testimony indicating that he had an unobstructed view from the elevated tee box of plaintiff's group ahead on the fairway, defendant decided to tee off with his driver, and he hit his golf ball straight down the center where it struck plaintiff in the head as he retreated toward his golf cart following the audible call of "fore" from defendant's group. Defendant—a skilled, self-described bogey golfer—maintained that two of his playing partners had teed off before him, that plaintiff's group was 100 or 150 yards beyond where those drives landed, and that he believed plaintiff's group was far enough away from the tee box that he would not hit them. Defendant also submitted, however, the conflicting deposition testimony of plaintiff, who believed that defendant was the first to tee off in his group because plaintiff had not previously heard any other golf balls being hit, and who estimated that he was positioned only between 150 and 200 yards from the tee when he was struck by defendant's golf ball. We note that defendant's contention that he hit an unexpectedly long drive of more than 300 yards is based entirely on the purported hearsay statement of a golf professional who arrived at the scene following the incident and, in any event, plaintiff expressly denied during his deposition that he was positioned 300 yards from the tee at the time of the incident. Furthermore, defendant testified at his deposition that he typically hit golf balls with his driver approximately 250 or 260 yards. Consequently, defendant's submissions raise an issue of fact whether he unreasonably increased the risk of striking plaintiff with his golf ball by teeing off when plaintiff, who was visible in the fairway on the same hole, was still positioned well within the typical range of defendant's drive (see generally Jenks, 30 NY2d at 480; Johnston, 301 NY at 600).
Entered: May 3, 2019
Mark W. Bennett
Clerk of the Court