Strickland v Long Is. Rail Rd. (2019 NY Slip Op 06224)





Strickland v Long Is. Rail Rd.


2019 NY Slip Op 06224


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-10497
 (Index No. 10998/14)

[*1]Darci Strickland, respondent, 
v
Long Island Rail Road, et al., appellants, et al., defendant.


Shein & Associates, P.C., Syosset, NY (Susan R. Nudelman and Daniel A. Fried of counsel), for appellants.
Finz & Finz, P.C., Mineola, NY (Ameer Benno and Benjamin Jacobs of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Long Island Rail Road and Metropolitan Transportation Authority appeal from an order of the Supreme Court, Suffolk County (H. Patrick Leis III, J.), dated September 13, 2017. The order denied the motion of the defendants Long Island Rail Road and Metropolitan Transit Authority for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Long Island Rail Road and Metropolitan Transit Authority for summary judgment dismissing the complaint insofar as asserted against them is granted.
During a snowstorm, the plaintiff fell from the sidewalk adjacent to the tracks at the Montauk train station, which is maintained by the Long Island Railroad Company, sued herein as Long Island Rail Road, and Metropolitan Transportation Authority, sued herein as Metropolitan Transit Authority (hereinafter together the defendants). According to the affidavit of one of the plaintiff's experts, there was a 17-inch drop between the sidewalk and the tracks at the location where the plaintiff fell. At the time of the accident, there was approximately 9.5 inches of snow on the ground and sustained winds were blowing at approximately 20 miles per hour with gusts of 30 to 35 miles per hour. The plaintiff alleged that she fell because the edge of the sidewalk abutting the drop to the tracks was covered and obscured by large snow drifts.
The plaintiff commenced this action to recover damages for personal injuries against the defendants and the Town of East Hampton. The plaintiff alleged, inter alia, that the defendants were negligent in failing to clear the snow in a timely fashion, and in failing to place "markers, indicators, signs, signposts, or pointers to warn pedestrians of the dangerous and hazardous change in elevation." The defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the motion, and the defendants appeal.
The defendants met their prima facie burden of establishing their entitlement to judgment as a matter of law by demonstrating that there was a storm in progress at the time of the accident, and that they did not have a duty to place any additional markers to warn pedestrians of the [*2]change in elevation between the sidewalk and the tracks (see Sherman v New York State Thruway Auth., 27 NY3d 1019, 1020-1021; Gilson v Metropolitan Opera, 5 NY3d 574, 577; Cupo v Karfunkel, 1 AD3d 48, 51; Novikova v Greenbriar Owners Corp., 258 AD2d 149, 154).
In opposition, the plaintiff failed to raise a triable issue of fact. The affidavits of the plaintiff's experts were speculative and conclusory, and failed to identify any specific safety standards (see Siegfried v West 63 Empire Assoc., LLC, 145 AD3d 456; Hanley v City of New York, 139 AD3d 800, 802; Thornberg v Town of Islip, 127 AD3d 1162, 1163).
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
MASTRO, J.P., LEVENTHAL, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court