Fornabaio v Beacon Broadway Co., LLC (2020 NY Slip Op 06853)





Fornabaio v Beacon Broadway Co., LLC


2020 NY Slip Op 06853


Decided on November 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

Before: Webber, J.P., González, Scarpulla, Shulman, JJ. 


Index No. 152486/16 Appeal No. 12451 Case No. 2019-05146 

[*1]Anthony Fornabaio et al., Plaintiffs-Respondents,
v
Beacon Broadway Company, LLC, et al., Defendants-Appellants-Respondents, Sports & Entertainment Physicians, P.C., Defendant-Respondent-Appellant, Transcare Corporation Crew Member 101855, et al., Defendants.


Bongiorno, Montiglio, Mitchell & Palmieri, PLLC, Mineola (Alexys M. Carter of counsel), for Beacon Broadway Company, LLC, The Madison Square Garden Company, MSG Entertainment Holdings, LLC, Beacway Operating LLC and MSG Beacon, LLC, appellants-respondents.
Fullerton Beck, LLP, White Plains (Edward J. Guardaro, Jr. of counsel), for Transcare Corporation, appellant-respondent.
Martin Clearwater & Bell LLP, East Meadow (Gregory A. Cascino of counsel), for respondent-appellant.
Newman Law Associates PLLC, New York (Jon E. Newman of counsel), for respondents.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered September 17, 2019, which denied defendant Transcare Corporation's motion for summary judgment dismissing the complaint as against it; denied the motion of defendants Beacon Broadway Company, LLC, The Madison Square Garden Company, MSG Entertainment Holdings LLC, Beacway Operating LLC, MSG National Properties, LLC and MSG Beacon, LLC (collectively Beacon) for summary judgment dismissing the complaint as against them; granted Beacon's motion insofar as it sought summary judgment on its cross claims against defendant Sports & Entertainment Physicians, P.C. (SEP) for contractual indemnification and breach of contract for failure to procure insurance; deemed SEP's cross claim against Transcare for contractual indemnification moot, and sub silentio denied SEP's request for summary judgment on its cross claims against Transcare for contractual indemnification and breach of contract for failure to procure insurance, unanimously modified, on the law, to grant Beacon's and Transcare's motions to the extent of dismissing the complaint against them, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.
Plaintiff Anthony Fornabaio and his wife were attending a concert at defendant Beacon's venue. Shortly after the concert began, plaintiff passed out in his seat, regained consciousness with his wife shaking him awake, and immediately passed out again. The Beacon security supervisor and a Transcare EMT responded via a radio call to where plaintiff was seated. Plaintiff was described as slumped in his seat with his eyes closed. Questions posed by the EMT technician determined that plaintiff was "completely conscious," and alert and oriented times three. She advised him, however, that because it was too loud inside the theater, she was unable to check his blood pressure and to check his pulse, it was necessary that they go outside the theater.
The testimony was that while multiple offers were made to plaintiff to assist him in standing and in walking from the theater, he refused, stating that it was embarrassing and that he wanted to walk on his own. While plaintiff ultimately stood on his own and walked unassisted up the aisle to the landing at the rear of the seating area, with Beacon security and the EMS worker following and with other Beacon personnel making sure the aisle was clear, when plaintiff reached the landing, he again lost consciousness and fell forward, striking his face on the floor.
Any duty Beacon or Transcare owed to plaintiff to assist him in exiting the theater terminated when he refused such assistance. It is well settled that a competent adult has the right to determine the course of his or her own medical treatment, including declining treatment (Matter of Fosmire v Nicoleau, 75 NY2d 218, 226 [1990]). Plaintiff does not dispute that he refused assistance in standing or ambulating. Further, the testimony was that the EMT technician assessed plaintiff as alert and oriented as he left his seat to exit the theater. Given this, the complaint should have been dismissed in its entirety as to defendants Beacon and Transcare (see Branda v MV Pub. Transp., Inc., 139 AD3d 636, 637 [1st Dept 2016]).
However, because this incident arose out of actions of Transcare, SEP's subcontracted EMT provider, in providing medical assistance to plaintiff, SEP is required to indemnify Beacon pursuant to the contract between them. Furthermore, the evidence shows, and SEP does not dispute, that it failed to obtain the insurance required by its contract with Beacon.
While the complaint was dismissed against SEP, because it remains liable to Beacon, its cross claim against Transcare for contractual indemnification is not moot. However, the record before us does not establish SEP's entitlement to summary judgment on its cross claims against Transcare for contractual indemnification and breach of contract to procure insurance.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2020