Withopf v Rapid Tr. Servs., Inc. (2022 NY Slip Op 06286)

Withopf v Rapid Tr. Servs., Inc.

2022 NY Slip Op 06286

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
LILLIAN WAN, JJ.

2020-03728
 (Index No. 601512/13)

[*1]Corrine Withopf, etc., appellant,
v
Rapid Transit Services, Inc., et al., defendants, Premier Home Health Care Services, Inc., et al., respondents.

Parker Waichman, LLP, Port Washington, NY (Jay L. T. Breakstone and Stephenie L. Bross of counsel), for appellant.
Miranda Slone Sklarin Verveniotis, LLP, Mineola, NY (Kelly M. Zic and Ondine Slone of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), dated May 1, 2020. The order, insofar as appealed from, granted those branches of the motion of the defendants Premier Home Health Care Services, Inc., and Marie Doninelli which were for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Marie Mascioli commenced this action to recover damages for personal injuries she allegedly sustained when she fell from a wheelchair while traveling in an ambulette owned by the defendant Rapid Transit Services, Inc., and operated by the defendant James Jones. At the time of the accident, Mascioli was accompanied by her home health aide, the defendant Marie Doninelli, who was employed by the defendant Premier Home Health Care Services, Inc. (hereinafter Premier). The amended complaint alleged, inter alia, that Doninelli was negligent in failing to properly secure Mascioli to the ambulette. Mascioli died from unrelated causes while this action was pending in the Supreme Court, and the administrator of her estate was substituted as plaintiff.
Doninelli and Premier (hereinafter together the Premier defendants) moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against them. The evidence submitted in support of the motion included the transcripts of the deposition testimony of Doninelli and Jones. While their accounts differed on the events in the moments preceding the fall, both testified that Mascioli fell out of her wheelchair onto the floor and they each observed that a piece of the wheelchair seatbelt had broken off. Further, Doninelli testified that the seatbelt on the wheelchair was secure when she pushed Mascioli to the curb for transfer to the ambulette, that she did not assist beyond that point, and that Jones brought Mascioli in her wheelchair into the ambulette and secured her and the wheelchair for travel. Doninelli testified that she observed Jones place certain clamps onto the wheelchair and she was not aware of any other straps or security measures that should have been taken. Jones testified that he would not permit the home health aide to [*2]manipulate the wheelchair from the time that he met Mascioli at the curb until he brought her out of the ambulette at the destination, and that he alone brought Mascioli into the ambulette and secured her for travel. The Premier defendants also submitted evidence that a home health aide's responsibilities did not include supervising or assisting with the securing of a patient within an ambulette.
In opposition to the motion, the plaintiff pointed to Jones's deposition testimony that there was an additional seatbelt available to secure Mascioli within the ambulette, but he did not use it on the day in question. The plaintiff submitted the affidavit of a home health aide who opined that the proper standard of care required a home health aide accompanying a patient to be familiar with the transporting vehicle's available safety equipment and to ensure that the driver utilized it. In an order dated May 1, 2020, the Supreme Court, inter alia, granted those branches of the Premier defendants' motion which were for summary judgment dismissing the amended complaint insofar as asserted against them. The plaintiff appeals.
"To prove a prima facie case of negligence, a plaintiff must demonstrate the existence of a duty, a breach of that duty, and that the breach of such duty was a proximate cause of his or her injuries" (Fox v Marshall, 88 AD3d 131, 135; see Ferreira v City of Binghamton, 38 NY3d 298, 308; PNC Bank, N.A. v Steinhardt, 159 AD3d 999, 1000). "In the absence of duty, there is no breach and without a breach there is no liability" (Pulka v Edelman, 40 NY2d 781, 782; see Fox v Marshall, 88 AD3d at 135).
Here, the Premier defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that Doninelli did not breach any duty of care to Mascioli (cf. Branda v MV Pub. Transp., Inc., 139 AD3d 636, 637; Garcia v All Metro Health Care, 108 AD3d 742, 743). Their submissions demonstrated that the ambulette driver, not Doninelli, was responsible for securing Mascioli and her wheelchair to the ambulette for travel. In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff's expert was insufficient to raise a triable issue of fact because it was conclusory, lacking in foundation, and failed to identify any specific industry standard upon which the affiant relied in concluding that Doninelli was negligent (see Thornberg v Town of Islip, 127 AD3d 1162, 1163; Tucci v Starrett City, Inc., 97 AD3d 811, 813; Bohan v F.R.P. Sheet Metal Contr. Corp., 58 AD3d 781).
Accordingly, the Supreme Court properly granted those branches of the Premier defendants' motion which were for summary judgment dismissing the amended complaint insofar as asserted against them.
BARROS, J.P., BRATHWAITE NELSON, CHAMBERS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court