■ JULIAN DEL ROSARIO, Appellant, et al., Plaintiff, v 114 FIFTH AVENUE ASSOCIATES et al., Respondents. DAKOTA REALTY INC., Third-Party Plaintiff, v MERLITE INDUSTRIES, INC., Third-Party Defendant-Respondent. [699 NYS2d 19] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered October 20, 1998, which, insofar as appealed from, granted defendants' and third-party defendant's motions for summary judgment dismissing the complaint, and denied plaintiff's cross motion to amend his bill of particulars, unanimously affirmed, without costs.

Plaintiff, a janitor employed by third-party defendant commercial tenant in a building owned and managed by defendants, alleges that while mopping a washroom floor, he slipped and fell on water that had leaked from a toilet. The action was properly dismissed on the ground that the leaky toilet did not constitute a substantial structural defect for which the out-of-possession landlord and managing agent were responsible under the lease. An out-of-possession landlord with a general right of reentry is not liable for general maintenance defects (*Raynor v 666 Fifth Ave. Ltd. Partnership*, 232 AD2d 226). Plaintiff's request to amend his bill of particulars three years after commencement of the action, and five months after he filed a note of issue, so as to allege various statutory violations all based on the theory that his employer was running a factory or mercantile establishment, was properly rejected as untimely and prejudicial (*see, Plung v Cohen*, 250 AD2d 430, 431) and, in any event, as without merit. Concur—Sullivan, J. P., Tom, Rubin, Andrias and Buckley, JJ.