recollections of the particulars of the description; this presented a factual issue that was properly resolved by the hearing court (*see People v Prochilo*, 41 NY2d 759, 761). Accordingly, the testimony of the officer who apprehended defendant was unnecessary, the apprehension of defendant was based upon probable cause, and the prompt identification by the undercover officer was properly obtained. Concur—Andrias, J.P., Sullivan, Rosenberger, Friedman and Gonzalez, JJ.

■ BEYOND NOBLE, INC., Appellant, v 6056 LEASEHOLD COMPANY, INC., Respondent. [754 NYS2d 540] —Order, Supreme Court, New York County (Marylin Diamond, J.), entered November 27, 2001, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), unanimously affirmed, without costs.

The complaint was properly dismissed since the terms of the parties' lease conclusively refute plaintiff's claim that the lease was breached when defendant landlord withheld from plaintiff tenant permission for alterations necessary to render the demised premises suitable for use as a nail salon. Pursuant to the lease, defendant was absolutely entitled to withhold permission for the proposed alterations and, accordingly, no covenant of good faith requiring consent to the proposed alterations may be implied (*see Murphy v American Home Prods. Corp.*, 58 NY2d 293; *Sheth v New York Life Ins. Co.*, 273 AD2d 72, 73). Indeed, plaintiff in the lease expressly agreed to take the premises "AS IS" and acknowledged that defendant had made no express or implied warranties that the premises could be used for plaintiff's intended purposes. Concur—Andrias, J.P., Sullivan, Rosenberger, Friedman and Gonzalez, JJ.

■ C.R. et al., Appellants-Respondents, v PLEASANTVILLE COTTAGE SCHOOL et al., Respondents-Appellants. [756 NYS2d 2] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered July 1, 2002, which, in an action against a residential care facility (Social Services Law, art 7, § 460 *et seq.*) and its owner for negligent supervision allegedly resulting in assaults on the infant plaintiff, and in which action, by order entered March 12, 2002, defendants were directed to produce plaintiff's records and to disclose the identities of any witnesses to the assaults, (1) denied defendants' motion to modify the prior order so as to (a) permit redaction of the names of nonparty residents identified in plaintiff's records and (b) withhold identification of witnesses who are present or former residents of the facility pending notification of interested persons, and (2) denied plaintiff's cross motion to renew the same prior or-

der insofar as it refused to compel defendants to produce records concerning plaintiff's assailants, unanimously affirmed with respect to the denial of plaintiff's motion to renew, and the appeal unanimously dismissed with respect to the denial of defendants' motion to modify, all without costs.

Defendants' motion, which sought modification or reargument of the prior order as alternative forms of relief, was merely one to reargue, as it offered no new evidence and only argued that the motion court overlooked or misunderstood Social Services Law § 372 (CPLR 2221 [d]; *see Foley v Roche*, 68 AD2d 558, 567-568). Since the denial of reargument is not appealable (*Haberman v Wright*, 295 AD2d 142), defendants' appeal is dismissed. We reject defendants' argument that the motion court effectively granted reargument, but adhered to the prior order, by commenting that defendants did not raise the question of redaction in their prior motion for a protective order.

Plaintiff's motion to renew was properly denied since the purportedly new material he offered, namely, the assailants' last known addresses, was available on his prior motion to compel disclosure. Although that motion had attached as exhibits the juvenile delinquency petition of one of the assailants, indicating his mother's name and address, and other records from the local police and courts, plaintiff's motion to renew did not describe any attempts to obtain information from these nonprivileged sources (CPLR 2221 [e] [3]). In any event, the new evidence, if considered, would not warrant a different result (CPLR 2221 [e] [2]). The motion court did not deny plaintiff's motion to compel disclosure of the assailants' records because of lack of notice to the assailants or the absence of the assailants' last known addresses. Rather, the decision was based on a finding that the records are privileged under Social Services Law §§ 372 and 460-e, and that disclosure would not further the public interest. Concur—Andrias, J.P., Sullivan, Rosenberger, Friedman and Gonzalez, JJ.

(February 20, 2003)

■ CRAIG MASON, Respondent, v DUPONT DIRECT FINANCIAL HOLDINGS, INC., et al., Appellants, et al., Respondents. [756 NYS2d 153] —Order and judgment (one paper), Supreme Court, New York County (Bruce Allen, J.), entered April 12, 2002, which granted the petition in a proceeding brought pursuant to CPLR article 52 to enforce a money judgment and adjudged