■ RAFAEL DIAZ et al., Appellants, v FORD MOTOR COMPANY et al., Defendants, and BRONX LINCOLN-MERCURY, INC., Respondent. [814 NYS2d 606]—

Order, Supreme Court, Bronx County (Nelson S. Roman, J.), entered on or about May 23, 2005, which, to the extent appealable, denied plaintiffs' motion for renewal of their prior motion

for leave to amend their bill of particulars, unanimously affirmed, without costs.

The accident allegedly occurred in 1990, and this action was commenced three years later. Bills of particulars were served in 1994 and 1995, and plaintiffs were deposed in 1997 and 1998. The note of issue was filed in April 2003. In August 2004, plaintiffs moved to amend their bill of particulars to include purported new injuries reflected in recent medical reports. These reports, which were unsworn, unnotarized and unaccompanied by any affidavit or medical affirmation, did not constitute competent proof in support of the motion. Submission of affirmations on the renewal motion did not cure the defect in the original motion, nor did the medical reports provide a nexus between the alleged newly discovered injuries and the accident (*Fuentes v City of New York*, 3 AD3d 549 [2004]).

Plaintiffs contend that defendants were placed on notice of the substance of the purported new injuries by deposition testimony and related documentation. However, they did not point to any specific references in the record in support of this assertion. They have also consistently failed to explain the inordinate periods of delay, especially insofar as the note of issue was already filed (*id.*; *Del Rosario v 114 Fifth Ave. Assoc.*, 266 AD2d 162 [1999]). We further reject plaintiffs' current claim that they were only seeking to supplement (CPLR 3043 [b]) rather than to amend (CPLR 3042 [b]) the bill of particulars, a characterization that is strikingly at odds with the form and content of the motion itself and with their proposed "amended bill of particulars."

Plaintiffs have not cogently explained why the purported new evidence could not, with reasonable diligence, have been provided with the original motion (*C.R. v Pleasantville Cottage School*, 302 AD2d 259 [2003]). Concur—Tom, J.P., Mazzarelli, Marlow, Nardelli and Malone, JJ.