# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**39**
**CA 14-01300**
PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

CLEARVIEW FARMS LLC, PLAINTIFF-APPELLANT,

V                                             MEMORANDUM AND ORDER

DAVID PAPKE AND MICHELLE OLDS,
DEFENDANTS-RESPONDENTS.

---

ANDREW J. DICK, ROCHESTER, FOR PLAINTIFF-APPELLANT.

LAW OFFICE OF HEIDI W. FEINBERG, ROCHESTER (HEIDI W. FEINBERG OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

-------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered January 30, 2014. The order, among other things, denied plaintiff's motion to modify an order dated November 19, 2013.

It is hereby ORDERED that said appeal is unanimously dismissed without costs.

Memorandum: Plaintiff commenced this action seeking damages for defendants' breach of their residential lease agreement with plaintiff. After a bench trial, Supreme Court reached a verdict in favor of plaintiff and thereafter issued an order awarding plaintiff $1,676.66 for unpaid rent and utilities, without prejudgment interest, and $150 for attorney's fees. Plaintiff did not appeal that order and instead filed a motion to "modify" the court's order to include prejudgment interest. Although plaintiff denominated the motion as one to "modify" the court's order, we conclude from the papers submitted in support of the motion that it was, in effect, a motion for leave to reargue the denial of prejudgment interest, which the court denied (*see Matter of Hoover v Derry*, 3 AD3d 659, 659; *C.R. v Pleasantville Cottage School*, 302 AD2d 259, 260). No appeal lies from an order denying a motion for leave to reargue (*see Hill v Milan*, 89 AD3d 1458, 1458; *Empire Ins. Co. v Food City*, 167 AD2d 983, 984).

We decline to impose sanctions or to award attorney's fees, costs, or disbursements to defendants, as defendants request in their brief. Such action is not warranted inasmuch as we conclude that plaintiff's appeal does not constitute "frivolous conduct" as defined in 22 NYCRR 130-1.1 (c) (*see Amherst Magnetic Imaging Assoc. v Community Blue, HMO of Blue Cross of W. N.Y.*, 286 AD2d 896, 898, *lv*

*denied* 97 NY2d 612).

Entered: February 6, 2015

Frances E. Cafarell
Clerk of the Court