■ ZETLIN & DE CHIARA LLP, Respondent, v GENE KAUFMAN ARCHITECT, P.C., et al., Appellants, et al., Defendant. [16 NYS3d 739]—

Amended order, Supreme Court, New York County (Manuel J. Mendez, J.), entered August 14, 2014, which, to the extent appealed from, granted plaintiff's motion for summary judgment on its account stated cause of action, and amended order, same court and Justice, entered December 11, 2014, which denied defendants-appellants' motion for renewal and, upon reargument, adhered to its original determination, unanimously affirmed, with costs.

Plaintiff law firm made a prima facie showing of an account stated through, among other things, its submission of an affirmation of its special counsel stating that plaintiff sent each of its 21 invoices for the period of April 2011 to February 2012 to defendants using regular mailing procedures, and that defendants never objected to or returned the invoices (*see Ruskin, Moscou, Evans & Faltischek v FGH Realty Credit Corp.*, 228 AD2d 294, 294-295 [1st Dept 1996]). Even if no payments were applied to these invoices, defendants' mere reference to a subsequent settlement agreement noted in the complaint, without more, is conclusory and insufficient to raise a triable issue of fact as to whether they objected to the payments within a reasonable time (*see M&R Constr. Corp. v IDI Constr. Co.*, 4 AD3d 130, 130 [1st Dept 2004]).

The court correctly denied defendants' motion to renew, since the purportedly new material was available on plaintiff's prior motion and defendants did not offer a reasonable justification for failing to present the material at the time of that motion (*see C.R. v Pleasantville Cottage School*, 302 AD2d 259, 260 [1st Dept 2003]). Although the denial of a motion to reargue is generally not appealable as of right, because the court addressed the merits, it effectively granted the motion and correctly adhered to its original determination (*see Lipsky v Manhattan Plaza, Inc.*, 103 AD3d 418, 419 [1st Dept 2013]). Even if the court misconstrued the applicability of a 2005 retainer agreement, defendants offered nothing but conclusory allegations that were insufficient to raise a triable issue of fact.

We have considered defendants' remaining contentions and find them unavailing. Concur—Tom, J.P., Acosta, Moskowitz and Richter, JJ.