■ WENDY SIEGFRIED, Appellant, v WEST 63 EMPIRE ASSOCIATES, LLC, et al., Respondents. [43 NYS3d 33]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered on or about August 12, 2014, which granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Summary judgment was properly granted in this action where plaintiff alleges that she was injured when she tripped and fell on an interior stairway platform in a building owned by defendant the Chetrit Group, LLC and managed by defendant West 63 Empire Associates LLC (collectively the Chetrit Group). Defendant CGM EMP, LLC (CGM) owned and managed the restaurant in the building where plaintiff intended to dine. The record demonstrates that even though the lease granted the Chetrit Group the right of reentry, the complaint and bill of particulars fail to allege that the complained-of condition constituted a design defect that violated a specific statutory safety provision, and plaintiff presented no evidence in opposition to establish that such a defect proximately caused the accident (*see Del Rosario v 114 Fifth Ave. Assoc.*, 266 AD2d 162 [1st Dept 1999]; *Quinones v 27 Third City King Rest.*, 198 AD2d 23 [1st Dept 1993]).

Furthermore, CGM established its entitlement to judgment as a matter of law by submitting evidence that the platform on which plaintiff tripped was open and obvious and not inherently dangerous (*see Philips v Paco Lafayette LLC*, 106 AD3d 631 [1st Dept 2013]). Plaintiff improperly raised the optical confusion theory for the first time in response to defendants' respective motions for summary judgment, and it was not alleged in her complaint or bill of particulars (*see Atkins v Beth Abraham Health Servs.*, 133 AD3d 491, 492 [1st Dept 2015]; *Ostrov v Rozbruch*, 91 AD3d 147, 154 [1st Dept 2012]). Even if the pleadings had properly alleged that the "watch your step" sign caused plaintiff to become optically confused, her deposition testimony shows that she saw the sign before she fell and was able to see the platform after the accident, which establishes that the area was well lit and that the platform was neither inherently dangerous nor constituted a hidden trap (*see Broodie v Gibco Enters., Ltd.*, 67 AD3d 418, 418-419 [1st Dept 2009]).

Assuming plaintiff's expert affidavit is properly before this Court, it fails to raise a triable issue of fact. The expert's opinion was conclusory and not supported by references to specific, applicable safety standards or practices (*see Boatwright v New York City Tr. Auth.*, 304 AD2d 421 [1st Dept 2003]). Concur—Renwick, J.P., Saxe, Gische and Webber, JJ.