| **McKnight v New York City Tr. Auth.** |
| 2024 NY Slip Op 32431(U) |
| July 15, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 450735/2021 |
| Judge: Denise M. Dominguez |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. DENISE M DOMINGUEZ**      PART      **35**

*Justice*

-------------------------------------------------------------------------X

DONNA MCKNIGHT

             Plaintiff

- v -

NEW YORK CITY TRANSIT AUTHORITY, NEW YORK CITY
METROPOLITAN TRANSPORTATION AUTHORITY

             Defendants

-------------------------------------------------------------------------X

INDEX NO.      450735/2021

MOTION SEQ. NO.      004

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94

were read on this motion to/for      SUMMARY JUDGMENT (AFTER JOINDER)

For the reasons that follow, Plaintiff's second motion for summary judgment pursuant to CPLR §3212 (Motion Seq. 4) is denied and Defendants' cross-motion for summary judgment is also denied.

This personal injury matter arises out of a slip and fall incident in a subway station. Plaintiff alleges that on August 22, 2019, she slipped and fell on a stairway at the Canal Street Station in New York County because of either stepping on wet paint or stepping on a step that was negligently painted.

## *Background*

In the notice of claim, Plaintiff alleges she slipped on a step that was improperly, unsafely and negligently painted. Four color photos depicting the step and the staircase were annexed to the notice of claim (NYSCEF Doc. 78).

During a statutory hearing on January 2, 2020, Plaintiff testified to slipping on wet paint and that there were no signs posted. Plaintiff further testified that both EMS and the police arrived

450735/2021   MCKNIGHT, DONNA vs. NEW YORK CITY TRANSIT AUTHORITY ET AL
Motion No. 004

Page 1 of 6

[* 1]

at the scene and the Plaintiff alleges reporting only the slip and fall incident but not mentioning the wet paint. Further, during the hearing when asked, Plaintiff did not recall if the sneakers worn on the day of the accident had paint on them (NYSCEF Doc. 71).

At Plaintiff's deposition on August 19, 2021, over a year and seven months later, Plaintiff again testified slipping on wet paint. Yet at the deposition unlike at the statutory hearing, Plaintiff testified telling EMS and the police about the wet paint. When asked, Plaintiff further testified that that she did not have any paint on her clothing as a result of the fall (NYSCEF Doc. 70).

Neither a police report, ambulance call sheet, or any other accident report was submitted with this motion.

Plaintiff's initial summary judgment motion was denied with leave to refile and explain why the motion was submitted late. Plaintiff attempted to explain it in Motion Seq. 3 rather than in the instant motion. Nonetheless, upon review of the documents submitted, Plaintiff has not established the *prima facie* burden of entitlement to judgment as a matter of law.

### *Plaintiff's Summary Judgment Motion*

Pursuant CPLR §3212, any party in any action, including in a negligence action, may move for summary judgment (CPLR §3212 [a], *Andre* v. *Pomeroy,* 35 N.Y.2d 361 [1974]). Yet, the party seeking summary judgment has the high burden of establishing entitlement to judgment as a matter of law (*see* CPLR §3212 [b]; *Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986], *see also Zuckerman* v *City of New York,* 49 NY2d 557 [1980]). It is only when this burden is met, that it then shifts to the opposing side to produce evidence the existence of material issues of fact warranting a trial (*Alvarez* 68 NY2d 320).

A plaintiff establishes a prima facie case of negligence by showing with admissible evidence that a (1) defendant owed plaintiff a duty care, (2) that the duty breached, and (3) an

**450735/2021  MCKNIGHT, DONNA vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**          **Page 2 of 6**
**Motion No. 004**

2 of 6

injury resulted (*Solomon by Solomon v. City of New York*, 66 NY2d 1026 [1985]). To establish a prima facie case regarding a slip and fall incident, a plaintiff must show that a defendant either created a dangerous condition or had actual or constructive knowledge of it and did not address it. (*Lemonda v. Sutton*, 268 AD2d 383 [1st Dept 2000]; *Mullin v. 100 Church LLC*, 12 AD3d 263 [1st Dept 2004]).

Here, it is uncontroverted that Defendants, in their role as leaseholders, are responsible for operating and maintaining the subway system and owe their riders a duty of care of keeping the areas in a reasonably safe condition. It is also not contested that any yellow paint on the step was painted by Defendants. What is at issue is whether the condition complained of by Plaintiff was in fact actionable.

It has long been held, that the question of whether or not a dangerous or defective condition exists depends on the peculiar facts and circumstances of each case and is usually a question of fact for a jury (*Schechtman v. Lappin*, 161 AD2d 118 [1st Dept 1990]; *Trincere v. Cnty. of Suffolk*, 90 NY2d 976 (1997); *Lansen v. SL Green Realty Corp.*, 103 AD3d 521 [1st Dept 2013]).

Plaintiff argues that the yellow paint on the step was dangerous as it was too slippery and violated internal NYCTA guidelines. Yet, Plaintiff's papers are filled with discrepancies requiring a jury to assess credibility and decide if a wrong was in fact committed based on Plaintiff's dual theories of the accident, slipping on wet paint and/or or that the anti-skid protection was covered. Plaintiff claims to have slipped on wet and slippery paint and the Plaintiff's expert claims it was defective, dry paint that did not provide sufficient traction on the step that caused the accident.

Plaintiff specifically testified at both the statutory hearing and the deposition slipping on wet paint. However, Plaintiff relies upon the affidavit of Architect D. Jimenez, to claim that the step was dangerous because the paint on the step extended 11 inches, more than Defendant's

**450735/2021 MCKNIGHT, DONNA vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**
**Motion No. 004**

**Page 3 of 6**

3 of 6

[* 3]

internal standards, and because the paint covered the anti-skid metal nosing that prevents slipping. The expert does not opine about any wet paint having caused the accident although the expert alleges visiting the scene approximately seven days after the alleged accident.

Further, while much is mentioned about the paint extending more than 4 inches as mandated by Defendants' internal guidelines, no photos with measurements are provided reflecting the actual dimensions of the paint condition complained of. The expert states that the paint completely filled-in the metal nosing, yet no measurements, or any testing is referenced conclusively establishing this theory. Plaintiff's expert opines that the paint is slippery because it is glossy and contains no anti-skid materials. Yet, there is no showing how the expert reaches this conclusion. Additionally, the expert only relies upon Defendant's own internal guidelines and policies to assert that the paint was dangerous. However, it has long been held that a "[v]iolation of a company's internal rules is not negligence in and of itself, and where such rules require a standard that transcends reasonable care, breach cannot be considered evidence of negligence (*Gilson v. Metro. Opera*, 5 NY3d 574 [2005]). No code, rule, statute or other regulations are cited to by Plaintiff's expert as being violated by either the use of this particular paint or the placement/dimensions of the paint on the subject step. Nor are any industry standards provided. Finally, for a matter involving a slip and fall incident, wherein it is claimed by Plaintiff's expert that the paint on the subject step was rendered too slippery, no coefficient of friction testing of the step was performed.

Therefore, upon review, Plaintiff's expert affidavit does not appear to have addressed the wet paint condition actually testified to by Plaintiff in this matter (*Santoni v. Bertelsmann Prop., Inc.*, 21 A.D3d 712 [1st Dept 2005]), is not supported with evidence such as measurements, testing, clear photographs free of multiple interpretations, or other empirical data obtained by scientific

**450735/2021  MCKNIGHT, DONNA vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**
**Motion No. 004**

**Page 4 of 6**

4 of 6

[* 4]

analysis (*see Friberg v. City of New York*, 193 AD3d 451 [1st Dept 2021]; *Clarke v. Verizon New York, Inc.*, 138 AD3d 505[1st Dept 2016]), and is not supported by references to specific and applicable rules, regulations, codes, ordinances or industry standards or practices. Thus, Plaintiff's expert's opinion is speculative and conclusory (*Boatwright v. New York City Transit Auth.*, 304 AD2d 421[1st Dept 2003]; *Siegfried v. W. 63 Empire Assocs., LLC*, 145 AD3d 456 [1st Dept 2016]). Accordingly, Plaintiff, through the submitted documents, has not eliminated material questions of facts to establish a *prima facie* burden of entitlement to judgment as a matter of law.

### *Defendants' Cross-Motion for Summary Judgment*

Here, the Defendants argue that Plaintiff's complaint should be dismissed because a claim that a walking surface was "slippery", without evidence as to who or why the surface was slippery, is not actionable. Defendants rely on several cases. Yet, in *Murphy v. Conner*, 84 NY2d 969 (1994), unlike here, the plaintiff claimed that the floor was smooth and offered no further evidence regarding why or how it was dangerous. In *Sims v. 3349 Hull Ave. Realty Co. LLC*, 106 AD3d 466 (1st Dept 2013), the plaintiff simply described the condition as worn and in *DeMartini v. Trump 767 5th Ave., LLC*, 41 AD3d 181 (1st Dept 2007), the plaintiff only described the condition at issue as "inherently slippery". However, here, Plaintiff offered evidence in the form of her testimony at the statutory hearing and deposition alleging that the step was wet with paint. Plaintiff also submitted the affidavit of an expert.

Notably, on a motion for summary judgment, it is not enough for a defendant to identify problems or issues with a plaintiff's negligence case. Rather, it is the defendant's burden to show their lack of negligence and/or it was not the proximate cause of Plaintiff's accident as a matter of law (*see Hairston v. Liberty Behav. Mgmt. Corp.*, 157 AD3d 404 [1st Dept 2018]; *Torres v. Merrill Lynch Purchasing*, 95 AD3d 741 [1st Dept 2012]; *Artalyan, Inc. v. Kitridge Realty Co.*, 79 AD3d

**450735/2021  MCKNIGHT, DONNA vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**                **Page 5 of 6**
**Motion No. 004**

[* 5]                                        5 of 6

546 [1st Dept 2010]). Accordingly, Defendants papers do not establish entitlement to judgment as a matter of law.

Accordingly, it is hereby

ORDERED that Plaintiff's motion for summary judgment is denied; and it is further

ORDERED that Defendants' cross-motion for summary judgment is also denied; and it is further

ORDERED that counsel for Plaintiff within 20 days shall serve a copy of this order with notice of entry upon all parties and the Clerk of the Court in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

|  |  |
|---|---|
| **7/15/2024** | **DENISE M DOMINGUEZ, J.S.C.** |
| **DATE** | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

450735/2021  MCKNIGHT, DONNA vs. NEW YORK CITY TRANSIT AUTHORITY ET AL
Motion No. 004

Page 6 of 6

6 of 6