■ GLORIA LINARES et al., Respondents, v FAIRFIELD VIEWS, INC., et al., Appellants. [647 NYS2d 194] —Judgment, Supreme

Court, Bronx County (Frank Diaz, J.), entered September 18, 1995, which, after a jury trial, awarded plaintiff Gloria Linares $1,250,000 and her husband, plaintiff Edwin Linares, $350,000, and apportioned liability 75% as to defendant Fairfield Views, Inc. and 25% as to defendant Mainco, unanimously modified, on the law and on the facts, to award judgment to defendant Fairfield against defendant Mainco on its cross-claim for common law indemnification, and to remand the matter for a new trial on the issue of damages as to both plaintiffs, and, except as thus modified, affirmed, without costs or disbursements, unless within 20 days after the entry of this order plaintiffs Gloria Linares and Edwin Linares stipulate to the entry of an amended judgment reducing their awards to $950,000 and $250,000, respectively, in which event the judgment as modified and amended is affirmed, without costs or disbursements.

Liability in this case was premised on elevator misleveling, as to which Fairfield, the building owner, and Mainco, its elevator maintenance servicer, had notice. On the basis of the undisputed evidence, Fairfield is entitled to judgment as a matter of law against Mainco on its cross-claim for common law indemnification. Under their contract, Mainco was obligated to inspect, maintain, and repair the elevators, to respond to emergency calls and, as is pertinent to this case, "inspect, repair, and adjust car leveling devices * * * on its regular inspections." The record discloses that Mainco did, in fact, perform these services for Fairfield, making routine inspections and performing preventative maintenance twice monthly. An inspection was made less than one month before the accident of the elevator involved and adjustments made to the floor stops on the selector, which directly affected the leveling function. A week later, further "upkeep and maintenance" was performed on the same elevator. Less than three weeks before the accident, a Mainco employee conducted a mandated yearly inspection and again checked the floor stops on the selector. When the elevator in question misleveled on the day before the accident, it was brought to the attention of Fairfield's superintendent, who, although, according to a witness, said he would call Mainco, testified that he had no recollection of that particular day. The superintendent did testify, however, that whenever he received a complaint about the elevator he called Mainco "right away." In any event, the evidence discloses that a Mainco repairman worked on the elevator in question on the morning of the accident, a Sunday, several hours before its occurrence. An inspection on the day after the accident revealed that the elevator in question was misleveling at two floors, although not at the lobby, where the accident occurred. At that

time, Mainco's repairman adjusted the leveling for the floors affected by loosening certain bolts on the stopping units of the selector and "jiggl[ing] it up and down a little," the same procedure he had followed in the past in correcting leveling problems on this elevator. This type of repair was described by plaintiff's expert as a "stop gap measure[s]," which only temporarily eliminated the misleveling problem.

Since the record shows that Mainco undertook full responsibility for the inspection, maintenance, upkeep and repair of the elevator, and Fairfield passed on any complaints of misleveling to Mainco for repair, Fairfield's liability for the misleveling is vicarious only, based on its nondelegable duty to keep the premises in repair. In such circumstances, Fairfield is entitled to indemnification from the party primarily responsible for the defect, Mainco. (*Mas v Two Bridges Assocs.*, 75 NY2d 680; *Rogers v Dorchester Assocs.*, 32 NY2d 553.)

To the extent indicated, we find the damage awards to be excessive and modify accordingly. Concur—Sullivan, J. P., Rosenberger, Rubin, Nardelli and Williams, JJ.