■ KATHLEEN PLUNG, Appellant, v ESTELLE COHEN et al., Respondents. (And a Third-Party Action.) [673 NYS2d 114] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered April 7, 1997, which granted defendants' motion for summary judgment dismissing the complaint, and denied plaintiff's cross motion for leave to supplement her bill of particulars, unanimously affirmed, without costs.

Plaintiff alleges that defendants are the owners of the building in which she is employed by a building tenant, and that she tripped over a black sticky substance she believes was debris left on the floor by carpeting contractors who were working on another office on plaintiff's floor. The action was properly dismissed as against the corporate defendant for failure to adduce any evidence controverting the affidavit of its president denying any ownership interest or management responsibility for the building. Concerning the individual defendant, she is at

best an out-of-possession landlord who cannot be held liable for the alleged dangerous condition, given a lease that specifically states that the owner, a partnership in which the individual defendant is a member, is not responsible for the management, repair, maintenance or operation of the building, and that places such duties upon the lessee of the building. That the lease also gives the owner the right of reentry to inspect and make repairs does not save plaintiff's claim against the individual defendant (*see, Henderson v Hickory Pit Rest.*, 221 AD2d 161).

Plaintiff's cross motion to supplement her bill of particulars was properly denied for lack of a reasonable excuse for not making this request until three years subsequent to commencement of the action and two years after plaintiff placed the action on the trial calendar (*see, Wilson v Haagen-Dazs Co.*, 215 AD2d 338, *lv dismissed* 86 NY2d 838). In any event, all of the proposed additional theories of liability are without merit.

Administrative Code of the City of New York §§ 27-127 and 27-128, which merely require that the owner of a building maintain and be responsible for its safe condition, do not impose liability in the absence of a breach of some specific safety provision of the Administrative Code (*see, Manning v New York Tel. Co.*, 157 AD2d 264, 269-270). Labor Law § 200 does not create liability where, as here, the owner did not exercise any supervisory control over the worksite (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877-878). Labor Law § 241 (6) requires a plaintiff to demonstrate " 'that he was both permitted or suffered to work on a building or structure and that he was hired by someone, be it owner, contractor or their agent' " (*Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 576-577). These requirements place plaintiff outside the special class of persons entitled to invoke its protection (*see, supra*, at 577; *Gibson v Worthington Div.*, 78 NY2d 1108; *Farrell v Dick Enters.*, 227 AD2d 956). Concur—Lerner, P. J., Ellerin, Rubin and Saxe, JJ.