■ IRIS DIXON, Plaintiff, v NUR-HOM REALTY CORP., Respondent, and WESTINGHOUSE ELEVATOR COMPANY, Defendant and Third-Party Plaintiff-Appellant. KINGS HARBOR CARE CENTER, Third-Party Defendant-Respondent. [678 NYS2d 613] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered June 12, 1997, which, *inter alia*, granted the motion of third-party defendant lessee Kings Harbor Care Center for summary judgment dismissing the indemnity and contribution claims of third-party plaintiff Westinghouse Elevator Company, and the cross motion of defendant landlord Nur-Hom Realty Corp. against Westinghouse for indemnification, and bringing up for review pursuant to CPLR 5517 (b) an order of the same court and Justice, entered on or about October 1, 1997, granting renewal and reargument, which adhered to the original determination, unanimously affirmed, with costs.

By documentary evidence, including the "Hydraulic Elevator Preventive Maintenance Agreement" and Westinghouse's work records, Kings Harbor sustained its burden of establishing that Westinghouse undertook full responsibility for the inspection, upkeep and repair of the elevator in which plaintiff was allegedly injured. Nor did Westinghouse in response satisfy its burden under the circumstances to come forward with evidence showing that plaintiff's accident was, as Westinghouse has claimed, the result of elevator misleveling caused by brownouts

of which Kings Harbor had notice. Indeed, Westinghouse's mechanic testified at his deposition that he doubted a brownout had occurred on the date of plaintiff's accident, and the affidavit of Westinghouse's expert to the contrary was purely speculative and, as such, insufficient to raise a triable issue of fact (*see, Guadalupe v Drackett Prods. Co.*, 253 AD2d 378). Moreover, as noted, even if the misleveling had been caused by brownouts, there was no evidence that Kings Harbor had had notice of brownouts, much less was there evidence that notwithstanding its receipt of such notice it had failed to advise Westinghouse of the problem. Accordingly, given the contractual allocation of responsibility for elevator maintenance and the lack of any evidence of wrongdoing by Kings Harbor, any liability on the part of Kings Harbor for plaintiff's harm would be vicarious only—based exclusively on the nondelegable duty of Kings Harbor to keep the premises in repair—and as such insufficient to support Westinghouse's claim for contribution or indemnification (*see, Rogers v Dorchester Assocs.*, 32 NY2d 553, 563).

We also reject Westinghouse's contention that the motion court erred in granting Nur-Hom's cross motion. Although a landlord's reservation of the right to enter the demised premises to inspect and make repairs may be sufficient to establish liability for damages resulting from violation of a duty imposed on the landlord by statute, Westinghouse failed to submit probative evidence that Nur-Hom breached a specific statutory provision (*see, Chrisostomides v Berjas Realty Co.*, 231 AD2d 601). The alleged violation of the general duty of maintenance and repair set forth in Administrative Code of the City of New York §§ 27-127 and 27-128 is insufficient as a basis for liability (*see, Plung v Cohen*, 250 AD2d 430, 431). Moreover, there is no probative evidence that Nur-Hom, the out-of-possession landlord, had notice that brownouts were adversely affecting operation of the elevators. Indeed, in a report to Nur-Hom dated April 5, 1985, approximately one month prior to the plaintiff's accident, Westinghouse indicated that the elevators were functioning satisfactorily. Under these circumstances, Nur-Hom's liability, if any, for plaintiff's harm will, like the potential liability of Kings Harbor, also be purely vicarious and, that being the case, Nur-Hom was properly awarded judgment entitling it to indemnification against Westinghouse (*see, Linares v Fairfield Views*, 231 AD2d 418, 419, *lv dismissed in part and denied in part* 89 NY2d 978). Concur—Sullivan, J. P., Rubin, Tom and Saxe, JJ.