■ Portia A. Hinton, Respondent, v City of New York et al., Appellants, et al., Defendant. (And a Third-Party Action.) [901 NYS2d 21]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered August 6, 2009, which, in an action for personal injuries sustained when plaintiff fell four feet off the edge of the loading side of a loading dock, denied motions for summary judgment by defendants premises owner and lessee, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter a judgment dismissing the complaint and all cross claims as against defendants City of New York, Department of Parks and Recreation of the City of New York, New York Yankees, and New York Yankees Partnership.

Defendants made a prima facie showing that they were under no duty of care requiring installation of a guardrail or other safety measures designed to prevent a fall like this, by submitting their employees' deposition testimony that no prior accidents like this had occurred, and an expert's affidavit that nei-

ther the then-applicable New York City Building Code nor OSHA regulations required that guardrails be erected at the loading side of loading docks. In opposition, plaintiff failed to adduce evidence tending to show that the loading dock was in violation of any code, rule or ordinance, or inherently dangerous (*see Broodie v Gibco Enters., Ltd.*, 67 AD3d 418, 418 [2009], citing *Burke v Canyon Rd. Rest.*, 60 AD3d 558, 559 [2009]). Her expert's affidavit was conclusory on the issue of inherent danger, and her reliance on the installation of a yellow swing gate after the accident is unavailing because "evidence of subsequent repairs is not discoverable or admissible in a negligence case" (*Hualde v Otis El. Co.*, 235 AD2d 269, 270 [1997] [internal quotation marks omitted]). Administrative Code of the City of New York former §§ 27-127 and 27-128, "which merely require that the owner of a building maintain and be responsible for its safe condition, do not impose liability in the absence of a breach of some specific safety provision of the Administrative Code" (*Plung v Cohen*, 250 AD2d 430, 431 [1998]; *see also Dixon v Nur-Hom Realty Corp.*, 254 AD2d 66, 67 [1998]). Moreover, the OSHA safety standards cited by plaintiff's expert do not apply because they are limited to the safety practices of employers (*Kocurek v Home Depot, U.S.A.P.*, 286 AD2d 577 [2001]).

The motion court's denial of the premises owner's motion for summary judgment as untimely was error because the motion contained the same arguments as the lessee's pending, timely motion (*see Filannino v Triborough Bridge & Tunnel Auth.*, 34 AD3d 280, 281 [2006]).

We have considered plaintiff's other arguments and find them unavailing. Concur—Gonzalez, P.J., Tom, Renwick, DeGrasse and Abdus-Salaam, JJ.