Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J), entered December 6, 2011, which, in this personal injury action arising from a slip and fall, granted defendants’ motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff fell on a backstage staircase that she had been sent to clean off accumulated debris. Although plaintiff testified that there was “poor lighting” on the backstage staircase where she fell, she testified that she fell because the step was uneven or pitched forward. Thus, plaintiff failed to submit sufficient evidence to raise an issue of fact as to whether the alleged poor lighting was a proximate cause of her fall (see Batista v New York City Tr. Auth., 66 AD3d 433, 434 [1st Dept 2009]; Kane v Estia Greek Rest., 4 AD3d 189, 190 [1st Dept 2004]).
Moreover, plaintiffs expert’s opinion that the stairs violated Administrative Code of the City of New York former §§ 27-127 and 27-128, is unavailing. Those sections “merely require that *526 the owner of a building maintain and be responsible for its safe condition,” and liability will not be imposed in the absence of a breach of some specific safety provision (Hinton v City of New York, 73 AD3d 407, 408 [1st Dept 2010],.lv denied 15 NY3d 715 [2010] [internal quotation marks omitted]). Concur—Friedman, J.P., Sweeny, Renwick, Freedman and Roman, JJ.