Melendez v City of New York (2020 NY Slip Op 02181)





Melendez v City of New York


2020 NY Slip Op 02181


Decided on April 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2020

Renwick, J.P., Richter, Mazzarelli, Singh, JJ.


11349 310107/11

[*1]Glenda Melendez, etc., Plaintiff-Respondent,
v
The City of New York, Defendant-Respondent, Lakhi General Contractor, Inc., Defendant-Appellant.


Traub Lieberman Straus & Shrewsberry LLP, Hawthorne (Colleen E. Hastie of counsel), for appellant.
Breadbar, Garfield, New York (Martin R. Garfield of counsel), for Glenda Melendez, respondent.
James E. Johnson, Corporation Counsel, New York (Jonathan A. Popolow of counsel), The City of New York, respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about December 13, 2018, which, to the extent appealed from, denied defendant Lakhi's cross motion for summary judgment dismissing the action against it, unanimously affirmed, without costs.
Lakhi, which contracted with defendant City to construct a sidewalk shed that, in part, fell on plaintiff's decedent approximately five years after it was constructed, did not establish prima facie entitlement to summary judgment. The unsigned contract agreement with the City was insufficient to establish the scope of its contractual obligations, including whether the shed was to be temporary or permanent. Lakhi also failed to establish that it did not owe a duty of care to third parties using the sidewalk, since it did not eliminate issues of fact as to whether it negligently constructed the sidewalk shed, thereby launching a dangerous condition (see Anastasio v Berry Complex, LLC, 82 AD3d 808, 809 [2d Dept 2011]; Dickert v City of New York, 268 AD2d 343, 343-344 [1st Dept 2000]; see generally Espinal v Melville Snow Contrs., 98 NY2d 136 [2002]).
We have considered Lakhi's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2020
CLERK