Mikenshina v Tishman Constr. Corp. (2020 NY Slip Op 05818)





Mikenshina v Tishman Constr. Corp.


2020 NY Slip Op 05818


Decided on October 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 15, 2020

Before: Renwick, J.P., Gesmer, González, Scarpulla, JJ. 


Index No. 155373/12 Appeal No. 12064 Case No. 2019-3824 

[*1]Olga Mikenshina, Plaintiff-Appellant,
v
Tishman Construction Corporation, et al., Defendants-Respondents. [And a Third-Party Action.]


Wingate, Russotti, Shapiro & Halperin, LLP, New York (David M. Schwarz of counsel), for appellant.
Morris Duffy Alonso & Faley, New York (Iryna S. Krauchanka of counsel), for Tishman Construction Corporation, New York Convention Center Development Corporation, New York Convention Center Operating Corporation, The Jacob K. Javits Convention Center, New York State Economic Development Corporation, New York State Urban Development Corporation and Empire State Development Corporation, respondents.
French & Casey, LLP, New York (Scott J. Laird of counsel), for Atlantic Hoisting & Scaffolding, LLC, respondent.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered April 17, 2019, which, insofar as appealed from as limited by the briefs, granted defendants Tishman Construction Corporation, New York Convention Center Development Corporation, New York Convention Center Operating Corporation, The Jacob K. Javits Convention Center, New York State Economic Development Corporation, New York State Urban Development Corporation d/b/a Empire State Development Corporation, and Empire State Development Corporation's motion for summary judgment dismissing the common-law negligence and Labor Law § 200 claims as against them and granted defendant Atlantic Hoisting & Scaffolding, LLC's motion for leave to file a motion, and upon granting leave, granted its motion for summary judgment dismissing the common-law negligence and Labor Law § 200 claims as against it, unanimously affirmed, without costs.
Defendants established prima facie, through photographic and testimonial evidence, that the scaffolding handrail on which plaintiff's lanyard was caught, causing her to fall, was open and obvious and not inherently dangerous (see e.g. Matthews v Vlad Restoration Ltd., 74 AD3d 692 [1st Dept 2010]; Rivera v Victoria's Secret Stores, LLC, 130 AD3d 436 [1st Dept 2015]). Defendants also established, through an expert affidavit, that the handrail, which was a prefabricated component, was consistent with custom and practice in the industry and was not a hazardous projection in violation of OSHA regulations (see Hinton v City of New York, 73 AD3d 407 [1st Dept 2010], lv denied 15 NY3d 715 [2010]; see also 29 CFR 1926.451[e][4][v]). In opposition, plaintiff failed to raise an issue of fact.
The court providently exercised its discretion in entertaining Atlantic's untimely cross motion, given counsel's showing of good cause for the delay (see Pena v Women's Outreach Network, Inc., 35 AD3d 104, 108 [1st Dept 2006]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2020