Steele v New York City Hous. Auth. (2020 NY Slip Op 06370)





Steele v New York City Hous. Auth.


2020 NY Slip Op 06370


Decided on November 05, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 05, 2020

Before: Gische, J.P., Webber, González, Scarpulla, JJ. 


Index No. 301139/13 Appeal No. 12266 Case No. 2019-04000 

[*1]Frank Steele, Plaintiff-Respondent,
v
New York City Housing Authority, Defendant-Respondent, Akro General Contracting, Inc., Defendant-Appellant.


McGaw, Alventosa & Zajac, Jericho (Ross P. Masler of counsel), for appellant.
Sacco & Fillas, LLP, Astoria (James R. Baez of counsel), for Frank Steele, respondent.
James E. Johnson, Corporation Counsel, New York (Barbara Graves-Poller of counsel), for New York City Housing Authority, respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about June 26, 2019, which denied defendant Akro General Contracting, Inc.'s motion for summary judgment dismissing the complaint and all cross claims against it, unanimously affirmed, without costs.
Plaintiff testified that on the day of his accident, he was walking on Home Street towards Prospect Avenue in Bronx County, when he encountered a group of workers and building materials that were blocking the main sidewalk. According to plaintiff, the workers directed him to walk around the sidewalk, forcing him to walk on a concrete path that ran perpendicular to the sidewalk. After plaintiff passed the sidewalk obstruction and was about to step from the path back onto the sidewalk, his foot landed on an uneven portion of concrete, causing him to lose his balance. According to plaintiff, while he attempted to "bridge" between the sidewalk and the path, he stepped into a tree well, which was approximately six inches lower than the sidewalk. The dirt in the tree well supported beams of a sidewalk shed which had been erected. According to plaintiff, he lost his balance when he stepped into the tree well and fell to his right side.
The motion court correctly found that Akro failed to establish prima facie that it neither created nor had notice of the hazardous condition of the sidewalk (see Gonzalez v Franklin Plaza Apts., Inc., 172 AD3d 432 [1st Dept 2019]; Santiago v Weisheng Enters. LLC, 134 AD3d 570 [1st Dept 2015]).
Plaintiff's testimony indicates that his fall was proximately caused by an uneven surface, and a tree well depression, directly adjacent to the support beams of a sidewalk shed which had been erected in front of Akro's work site. Akro was responsible, pursuant to its contract with defendant New York City Housing Authority, for maintaining all safety aspects of its work that had a direct or indirect impact on public safety, which expressly included maintaining the safety of the scaffolding and sidewalk shed. Akro's witness testified that Akro generally maintained the sidewalk sheds in a clean and safe manner and that he possessed records of the work performed and the inspection of the sidewalk on the day of plaintiff's accident. However, he was unable to describe the condition of the sidewalk or sidewalk sheds on the day of the accident or to say when the area had last been inspected, and Akro submitted no records or testimony by anyone with personal knowledge to establish these facts.
Akro also failed to establish that it did not negligently construct the sidewalk shed, launching an instrument of harm, and therefore owed no duty of care to plaintiff
or other third parties using the sidewalk (see Espinal v Melville Snow Contrs.,98 NY2d 136, 140 [2002]; Melendez v City of New York, 182 AD3d 430 [1st Dept 2020]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 5, 2020