Nestenborg v Standard Intl. Mgt. LLC (2021 NY Slip Op 01144)





Nestenborg v Standard Intl. Mgt. LLC


2021 NY Slip Op 01144


Decided on February 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 23, 2021

Before: Kapnick, J.P., Webber, Mazzarelli, Oing, JJ. 


Index No. 157227/15 595006/16 Appeal No. 13193 Case No. 2020-02796 

[*1]Carl H.R. Nestenborg, Plaintiff,
v
Standard International Management LLC, et al., Defendants.
Standard International Management LLC, et al., Third-Party Plaintiffs,
v
Pavarini McGovern, LLC, Third-Party Defendant-Respondent.
Pavarini McGovern, LLC, Second Third-Party Plaintiff-Respondent,
v
J.E.S. Plumbing & Heating Corp., Second Third-Party Defendant-Appellant.


Milber Makris Plousadis & Seiden, LLP, White Plains (Corinne M. Scotti of counsel), for appellant.
Barry McTiernan & Moore LLC, New York (Laurel A. Wedinger of counsel), for respondent.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered on or about May 27, 2020, which, to the extent appealed from as limited by the briefs, denied second third-party defendant's motion for summary judgment dismissing the second third-party complaint, unanimously affirmed, without costs.
Second third-party defendant J.E.S. Plumbing & Heating Corporation failed to establish prima facie that it did not launch a force or instrument of harm in its installation of a bathroom sink in a guestroom at defendants' property, the Standard Hotel, during its construction, or that plaintiff's injuries, sustained when he leaned against the sink and it fell off the wall, did not arise out of the performance of its work. Hence, the motion court properly denied summary judgment dismissing the second third party complaint (see generally Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002];McDowell v Xand Holdings, LLC, 172 AD3d 547 [1st Dept 2019]; Melendez v City of New York, 182 AD3d 430 [1st Dept 2020]). The crux of J.E.S.'s argument before the motion court, that second third-party plaintiff Pavarini McGovern LLC could not establish a prima facie case in negligence against it, misapprehends a summary judgment movant's burden (see Artalyan, Inc. v Kitridge Realty Co., Inc., 79 AD3d 546, 547 [1st Dept 2010]; Torres v Merrill Lynch Purch., 95 AD3d 741, 742 [1st Dept 2012]; cf. Mikenshina v Tishman Constr. Corp., 187 AD3d 546 [1st Dept 2020]; Hinton v City of New York, 73 AD3d 407, 407-408 [1st Dept 2010], lv denied 15 NY3d 715 [2010]). Moreover, a summary judgment movant cannot satisfy its burden "by pointing to perceived gaps in the proof" (Vasquez v 3M Co., 177 AD3d 428, 429 [1st Dept 2019]; Koulermos v A.O. Smith Water Prods., 137 AD3d 575 [1st Dept 2016]).
Even if J.E.S. had satisfied its initial burden, triable issues were raised by, among other things, Pavarini's expert affidavit supplied in opposition, in which its engineer opined that, "[i]f a [sink's] wall mount bearing less than the specified 250 pound-load cracks or fails[,] it was improperly installed or defective," given evidence that plaintiff weighed only 187 pounds at the time of his injuries (see Ocampo v Abetta Boiler & Welding Serv., Inc., 33 AD3d 332, 333 [1st Dept 2006]). Viewing the facts in a light most favorable to the nonmoving party, the motion court properly denied summary dismissal of the second third-party complaint (see Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 340 [2011]; Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]; McDowell v Xand Holdings, LLC, 172 AD3d at 547).
We have considered the remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 23, 2021