Lopez v City of New York (2021 NY Slip Op 02465)





Lopez v City of New York


2021 NY Slip Op 02465


Decided on April 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 22, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Mendez, Shulman, JJ. 


Index No. 450039/15 Appeal No. 13638 Case No. 2020-03422 

[*1]Luis A. Lopez et al., Plaintiffs-Appellants,
v
The City of New York, Defendant-Respondent.


Paul Ajlouny & Associates, P.C., Garden City (Edward J. Nitkewicz of counsel), for appellants.
James E. Johnson, Corporation Counsel, New York (Jonathan A. Popolow of counsel), for respondent.



Order, Supreme Court, New York County (Verna L. Saunders, J.), entered on or about February 7, 2020, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant met its initial burden of making a prima facie showing that it did not create the hazardous condition or have actual or constructive notice of its existence (see Branham v Loews Orpheum Cinemas, Inc., 8 NY3d 931, 932 [2007]; Smith v Costco Wholesale Corp., 50 AD3d 499, 500 [1st Dept 2008]).
Plaintiff Luis Lopez (plaintiff) testified at his 50-h hearing that he believed that he fell in a stairwell in one of defendant's buildings, and believed that the heel of his shoe "caught" on the step, causing him to fall. Plaintiff never saw any slippery substance or broken or worn or defective step. Hence, his 50-h hearing testimony supplied no evidence of any defect at all, let alone notice of any defect.
Plaintiff attempted to contradict this testimony with the errata sheet, in which he completely changed the theory from his foot "catching," presumably on some uneven surface, to his foot "slipping" on a "worn" surface. Plaintiff offered no explanation for the changes in the errata sheet, thus they are not cognizable and he is bound by his original hearing testimony (see CPLR 3116[a]; Cataudella v 17 John St. Assoc., LLC, 140 AD3d 508, 508 [1st Dept 2016]). Plaintiff attempts to cure this defect by raising the same theory of slipping on a worn surface in his opposition affidavit. This raises only feigned issues of fact, however (see Knox v United Christian Church of God, Inc., 65 AD3d 1017, 1017 [2d Dept 2009]).
Plaintiff attempts to generate issues of fact by pointing to the testimony of one of defendant's witnesses to the effect that, after the fall, the New York City Department of Buildings issued a violation and the New York City Department of Citywide Administrative Services replaced all of the steps in the subject building and improved the steps' tread and nosing. However, evidence of post-accident repairs is inadmissible and cannot be used as prior notice of a defect (Caprara v Chrysler Corp., 52 NY2d 114, 122 [1981]; Hinton v City of New York, 73 AD3d 407, 408 [1st Dept 2010]). The fact that the evidence of subsequent repairs might be admissible to show that defendant
knew the location of the accident does not render the evidence admissible as proof of fault, nor cure the lack of any triable issue of fact on that account. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2021