Hernandez v NY Prepaid Wireless LLC (2022 NY Slip Op 03573)





Hernandez v NY Prepaid Wireless LLC


2022 NY Slip Op 03573


Decided on June 02, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 02, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Rodriguez, Higgitt, JJ. 


Index No. 27966/17E Appeal No. 16070-16070A Case No. 2021-02357, 2022-00265 

[*1]Jose Hernandez, Plaintiff-Respondent,
v
NY Prepaid Wireless LLC, Doing Business as Boost Mobile et al., Defendants-Appellants. 


Chartwell Law, White Plains (Gregg S. Scharaga of counsel), for NY Prepaid Wireless LLC, appellant.
Nicoletti Spinner Ryan Gulino Pinter LLP, New York (Michael S. Brown of counsel), for Madison NY Realty LLC, appellant.
Appell & Parrinelli, New York (John J. Appell of counsel), for respondent.



Orders, Supreme Court, Bronx County (Wilma Guzman, J.), entered June 22, 2021, which denied defendant NY Prepaid Wireless LLC's motion for summary judgment dismissing the complaint and all cross claims as against it, and denied defendant Madison NY Realty LLC's motion for summary judgment dismissing the complaint as against it, unanimously modified, on the law, to grant Prepaid Wireless's motion to the extent of dismissing all cross claims as against it, and otherwise affirmed, without costs.
Plaintiff alleges that he was injured on the premises owned by Madison and leased to Prepaid Wireless. According to plaintiff, he was walking past the property on a rainy day when he slipped on wet cellar doors, which were embedded in the sidewalk in front of the premises.
The fact that Prepaid Wireless served a notice of rejection of plaintiff's errata sheet for his deposition testimony does not render the errata sheet inadmissible (see Lopez v City of New York, 193 AD3d 594 [1st Dept 2021]; Carrero v New York City Hous. Auth., 162 AD3d 566 [1st Dept 2018]). Plaintiff's "statement of the reasons . . . for making" the revisions (CPLR 3116[a]) constituted a sufficient justification for the five minor changes that he made, which were consistent with other portions of his testimony. Accordingly, the weight to be afforded to plaintiff's errata sheet and the effect on his credibility, if any, are issues to be assessed by the trier of fact (see Binh v Bagland USA, 286 AD2d 613 [1st Dept 2001]).
As to the merits, Madison failed to establish its prima facie entitlement to summary judgment. As the owner of the property abutting the sidewalk, Madison had a nondelegable duty to maintain the sidewalk — which included the cellar doors (Administrative Code of City of New York §§ 19-101[d]; 19-152[a][6], [a-1][6]) — in a reasonably safe condition (Administrative Code § 7-210[a]). However, it did not submit any evidence showing that the cellar doors were, in fact, in a safe condition at the time of plaintiff's accident. On the contrary, on its motion, Madison submitted evidence suggesting that the cellar doors were actually in an unsafe condition — namely, plaintiff's testimony stating that the cellar doors were slippery, were not flush with the sidewalk, and sloped downward, as well as the affidavit by plaintiff's expert opining that the cellar doors were defective and should have been repaired before the accident.
Moreover, Madison's lease with Prepaid Wireless was not so comprehensive and exclusive relating to sidewalk maintenance as to entirely displace Madison's duty to maintain the sidewalk. Rather, the lease terms state only that Prepaid Wireless was to care for the sidewalk by maintaining, repairing, and cleaning it, and was to bear responsibility for commercial garbage removal (compare Paperman v 2281 86th St. Corp., 142 AD3d 540, 541 [2d Dept 2016] [owner established prima facie that lease provision requiring "tenant to, at its own cost and expense, keep and [*2]maintain the sidewalk 'in thorough repair and good order,' was so comprehensive and exclusive as to entirely displace [its] duty to maintain the sidewalk"]). At any rate, sthe lease terms make clear that Prepaid Wireless was obliged to care only for the doors at the entrance to the store, not the cellar doors in the sidewalk, and the parties' course of conduct supports that reading (see Gronski v County of Monroe, 18 NY3d 374, 380 [2011]).
As to the liability of Prepaid Wireless, it also failed to establish prima facie that it was entitled to dismissal of the complaint as against it. While the record contains no evidence that Prepaid Wireless actually caused or created the cellar doors' allegedly dangerous condition (see Kellogg v All Sts. Hous. Dev. Fund Co., Inc., 146 AD3d 615, 617 [1st Dept 2017]), Prepaid Wireless failed to establish that it had no notice that the cellar doors were slippery when wet. On the contrary, plaintiff stated in his testimony, which Prepaid Wireless submitted on its motion, that he had seen multiple people slip and fall on the cellar doors before the day of his accident (see Contreras v Zabar's, 293 AD2d 362, 362; Criscenti v Verizon, 99 AD3d 478, 478 [1st Dept 2012]). For the same reason, notice may be imputed to Madison.
Madison's cross claims against Prepaid Wireless are dismissed as abandoned, since Madison did not oppose so much of Prepaid Wireless's motion seeking dismissal
of the cross claims, and does not defend the cross claims on appeal (Norris v Innovative Health Sys., Inc., 184 AD3d 471, 473 [1st Dept 2020]).
We have considered defendants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2022